# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH B WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-01423-WTL-DML |
| | ) |
| ARAMARK CORRECTIONAL SERVICES, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## Entry Dismissing Federal Claims and Remanding State Law Claims

As explained in the Entry of December 4, 2014, this action is proceeding only as to the claims against Aramark Correctional Services, L.L.C. ("Aramark"). All other defendants were severed into a new civil action.

## Dismissal of Federal Claims

Because plaintiff Joseph B. Williams is a "prisoner" as defined by 28 U.S.C. § 1915(h), this court has an obligation under 28 U.S.C. § 1915A to screen his complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Williams are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

The complaint alleges on October 24, 2013, Williams was working in the kitchen at Plainfield Correctional Facility for Aramark Food Services. He was walking through the kitchen when he stepped on a drain plate cover that Aramark's managers had negligently left unsecured to the floor. The drain plate caused him to slip and fall. The fall injured his knees, groin, back and neck. Williams seeks proper medical treatment and pain management and one hundred thousand dollars for pain and suffering.

It appears that Williams complaint was prepared on a pre-printed form which states "[T]his cause of action is filed by . . . a state prisoner alleging violations of his civil rights under 42 U.S.C. § 1983." Dkt. 1-1 at p. 3. However, § 1983 could not plausibly apply to the claims alleged. Instead it appears that Williams has attempt to bring a simple state law claim for negligence.

A cause of action is provided by § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, Williams has failed to allege the violation of any constitutional right.

As a preliminary matter, a private corporation such as Aramark is not vicariously liable under 42 U.S.C. § 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). This element of a viable claim is absent as to the claim against Aramark. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

The dispositive issue, however, is that the hazard of which Williams' complains (an unsecured drain plate) is not sufficiently serious to invoke the Eighth Amendment's protections. See *Pyles v. Fahim,* 771 F.3d 403 (7th Cir. 2014)(stating slippery surfaces do not constitute a hazardous condition of confinement); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004)("A >protrusive lip= on a softball field, even if hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment.@); *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding *sua sponte* dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *LeMaire v. Maass*, 12 F.3d 1444,1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment")(internal quotation marks and citation omitted).

For the reasons set forth above, no viable federal claim has been alleged in this action. The federal claims are **dismissed for failure to state a claim upon which relief may be granted.**

## Remand State Law Claims

As noted, Willaims also asserts claims under Indiana state law. However, the federal claims have now been resolved prior to trial. When a district court dismisses the claims over which it had

original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. ▪ 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998); *Wright v. Associated Insurance Cos., Inc.,* 29 F.3d 1244, 1250 (7th Cir. 1994). The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here, and applying the general rule dictates that the pendent state law claims be dismissed for lack of jurisdiction. Because this action was removed from the Hendricks County Superior Court 3, where it had been docketed as, Cause Number 32D03-1407-CT-106, the state law claims will be remanded to that Court.

**Conclusion**

For ease of review and for the benefit of the state court on remand, the **clerk is directed to refile and docket pages 1-4 of dkt. 1-1 as the complaint in this action.**

The federal claims are dismissed for failure to state a claim upon which relief may be granted. The state law claims are remanded to state court. Judgment consistent with this Entry shall now issue.

Given the dismissal of this action pursuant to 28 U.S.C. § 1915A, the defendant's motion to dismiss [dkt. 11] and motion to strike [dkt. 24] are **denied as moot.**

**IT IS SO ORDERED.**

Date: 12/16/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH B WILLIAMS
993692
C3-111
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel